2008 ND 85

**Jonathan P. IKE, Petitioner and Appellant**

v.

**DIRECTOR, NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Respondent and Appellee.**

No. 20070302.

Supreme Court of North Dakota.

May 15, 2008.

Michael R. Hoffman, Bismarck, N.D., for petitioner and appellant.

Douglas B. Anderson, Assistant Attorney General, Office of Attorney General, Bismarck, N.D., for respondent and appellee.

SANDSTROM, Justice.

[¶1]   Jonathan Ike appeals a district court judgment affirming an administrative hearing officer's decision to suspend his driving privileges for 91 days following his arrest for driving under the influence of intoxicating liquor.   We affirm.

I

[¶2]   Officer Heather Christianson of the Williston Police Department arrested Ike for driving under the influence of intoxicating liquor.   She transported Ike to Mercy Medical Center in Williston to have a blood test taken.   The blood test indicated Ike had an alcohol concentration of 0.16 percent by weight.   Following the arrest, Ike requested an administrative hearing concerning the suspension or revocation of his operator's license.

[¶3]   At the hearing, the officer testified she did not personally issue the Report and Notice form to Ike, which contained the temporary operator's permit. Although the officer signed the form indicating she personally issued the temporary operator's permit, she testified she did not issue it, and she did not know who did.   She testified she signed the form accidentally.   The Report and Notice form indicated Ike was issued the temporary operator's permit on May 24, 2007.   Ike objected to the admittance of the Report and Notice form, arguing there was no evidence showing it was properly issued, but the hearing officer overruled the objection and admitted the form.

[¶4]   Another exhibit offered by the Department at the hearing was Form 104, which contained Ike's blood test results. The individual who administered the blood test wrote additional letters following "MLT" on Form 104.   Ike argued the additional letters do not appear on the State Toxicologist's "List of Approved Designations of Individuals Medically Qualified to Draw Blood."   The initials MLT are an acronym for Medical Laboratory Technician, which is included in the State Toxicologist's list.   Ike argued Form 104 should not have been admitted into evidence, because fair administration of the blood test was not followed.   The hearing officer overruled the objection, noting

that the initials MLT following the individual's name are included in the State Toxicologist's "List of Approved Designations of Individuals Medically Qualified to Draw Blood." The blood test results were admitted, and Ike's driving privileges were suspended for 91 days. Ike appealed the hearing officer's decision to the district court, which affirmed the hearing officer's decision.

[¶ 5] Ike timely requested an administrative hearing under N.D.C.C. § 39–20–05. The hearing officer had jurisdiction under N.D.C.C. § 39–20–05. The notice of appeal from the Department of Transportation's decision to the district court was properly filed within seven days under N.D.C.C. § 39–20–06. The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 39–20–06. Ike filed a timely notice of appeal from the district court judgment under N.D.C.C. § 28–32–49. This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–32–49.

## II

[¶ 6] The Administrative Agencies Practice Act, N.D.C.C. ch. 28–32, governs the review of a decision to suspend a driver's license. *Kiecker v. North Dakota Dep't of Transp.*, 2005 ND 23, ¶ 7, 691 N.W.2d 266. The district court, under N.D.C.C. § 28–32–46, and this Court, under N.D.C.C. § 28–32–49, must affirm an agency's order unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28–32–46.

[¶ 7] On appeal, Ike argues the officer's erroneous certification of the Report and Notice form was a violation of a "basic and mandatory" requirement under N.D.C.C. § 39–20–03.1, thus depriving the Department of authority to proceed against him. When a driver is found to have an alcohol concentration level exceeding the per se limit, N.D.C.C. § 39–20–03.1(1) requires an officer to "immediately issue to that person a temporary operator's permit if the person then has valid operating privileges." In cases where blood or other chemical testing is performed by the state crime laboratory, N.D.C.C. § 39–20–03.1(2) requires that law enforcement "issue" a temporary operator's permit upon receipt of laboratory results. "Service" is not required under either provision. It is apparent, however, that issuing the temporary permit was intended by the Legislature to satisfy due process requirements for notice to the driver. *See* N.D.C.C. § 39–20–03.1(1) ("temporary operator's permit serves as the director's official notification to the person of the director's intent to revoke, suspend, or deny driving privileges in the

state"). This is true even though issuing a temporary permit does not require all of the formality of service of process. *See Olsrud v. Bismarck–Mandan Orchestral Ass'n*, 2007 ND 91, ¶¶ 9–11, 733 N.W.2d 256 (service under N.D.R.Civ.P. 3, 4 and 5 discussed). It is therefore necessary to articulate what in section 39–20–03.1 is a basic and mandatory requirement such that the Department would be without authority to adjudicate revocation of Ike's driving privileges.

[¶ 8] We hold the issuance of a temporary operator's permit to a driver is a basic and mandatory requirement of N.D.C.C. § 39–20–03.1. This conclusion is warranted because "[t]he temporary operator's permit serves as the director's official notification to the person of the director's intent to revoke, suspend, or deny driving privileges in this state." N.D.C.C. § 39–20–03.1(1) and (2). In addition, the driver's time for requesting an administrative hearing begins when the temporary permit is issued. N.D.C.C. § 39–20–05(1) (hearing permitted if driver makes request within ten days after temporary operator's permit is issued). Therefore, issuance of the temporary operator's permit is vital to driver's license revocation proceedings.

[¶ 9] In this case, the officer testified she did not issue Ike the Report and Notice form containing the temporary operator's permit and was not aware of who did. The Report and Notice form, however, indicated Ike was issued the temporary operator's permit on May 24, 2007. Ike also requested a hearing on June 1, 2007. Ike's request for a hearing occurred within ten days of the May 24, 2007, date indicated on the Report and Notice form. That Ike requested a hearing suggests he was issued the Report and Notice form. Additionally, there is no evidence he did not receive a temporary operator's permit.

[¶ 10] Although the officer failed to follow the technical requirements of N.D.C.C. § 39–20–03.1, Ike failed to establish that the officer's error was basic and mandatory to the Department's authority to proceed against him. Nor did he show he was prejudiced by the officer's failure to strictly comply with the statute.

[¶ 11] The evidence suggests the temporary operator's permit was issued, and both Ike and the Department received it. There was no finding that Ike was prejudiced by the officer's erroneous certification of the Report and Notice form. Ike requested an administrative hearing within ten days after the temporary operator's permit was issued. He did not claim nonissuance of the temporary permit or lack of notice at the hearing. He only showed that the officer did not actually issue the temporary permit as she had certified. That showing is insufficient under the basic and mandatory requirement of N.D.C.C. § 39–20–03.1. The Department was not deprived of its authority to proceed against Ike and suspend his driving privileges.

## III

[¶ 12] Ike argues the Department did not comply with N.D.C.C. § 39–20–03.1(3), which provides, in part: "The law enforcement officer, within five days of the issuance of the temporary operator's permit, shall forward to the director a certified written report in the form required by the director and the person's operator's license taken under subsection 1 or 2." Ike argues that because the record does not show the date he was issued the temporary operator's permit, it is not known whether there was compliance with N.D.C.C. § 39–20–03.1(3).

[¶ 13] The Report and Notice form reflects Ike was issued the temporary operator's permit on May 24, 2007. The Re-

port also has a stamp reflecting it was received by the Drivers License and Traffic Safety Division on May 25, 2007. Ike did not produce any evidence showing he was not issued the permit on May 24. The evidence in the record reflects that the Report and Notice form was forwarded within five days of the issuance of the temporary operator's permit; therefore, we conclude the Department did comply with N.D.C.C. § 39–20–03.1(3).

## IV

[¶ 14] Ike's remaining argument regarding fair administration of the blood test is without merit, and the district court's judgment is affirmed.

[¶ 15] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.