Filed 4/10/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 71

Mitchell D. Holbach, Petitioner and Appellant

v.

City of Minot, Respondent and Appellee

No. 20110276

Appeal from the District Court of Ward County, Northwest Judicial District, the Honorable Donovan John Foughty, Judge.

AFFIRMED.

Per Curiam.

David D. Dusek (submitted on brief), P.O. Box 14145, Grand Forks, N.D. 58208-4145, for petitioner and appellant.

Mitchell D. Holbach (submitted on brief), self-represented, P.O. Box 907, Minot, N.D. 58702-0907, petitioner and appellant.

Kelly Elizabeth Hendershot (submitted on brief), City Prosecutor, 515 2nd Avenue SW, Minot, N.D. 58701, for respondent and appellee.

Holbach v. City of Minot

No. 20110276

Per Curiam.

[¶1] 
Mitchell Holbach appeals from a district court order summarily dismissing his second application for post-conviction relief. We summarily affirmed Holbach’s conviction for criminal trespass in 
City of Minot v. Holbach
, 2007 ND 94, 734 N.W.2d 342, and summarily affirmed the district court denial of his first application for post-conviction relief in 
Holbach v. State
, 2010 ND 209, 795 N.W.2d 37.  Holbach’s counsel, who was later withdrawn as counsel, argues on appeal that the district court erred by denying his second application for post-conviction relief without an evidentiary hearing, that he was denied the assistance of counsel for his post-conviction application, and that he received ineffective assistance of counsel.  In a supplemental brief under N.D.R.App.P. 24, Holbach further argues that the court erred by summarily dismissing his application where it reviewed the record to determine whether there was evidence supporting his claims without giving him an opportunity to demonstrate there was a genuine issue of material fact, erred by refusing to determine his indigent eligibility status for counsel to be provided at public expense, and erred by refusing to approve the assignment of counsel for a person unable to obtain counsel.  He also contends an obvious error or error so fundamental exists that a new trial or other relief must be granted.  

[¶2] We affirm under N.D.R.App.P. 35.1(a)(4) and (7); 
see also
 
Everett v. State
, 2010 ND 4, ¶ 1, 789 N.W.2d 282 (citing 
Klose v. State
, 2008 ND 143, ¶ 10, 752 N.W.2d 192 (res judicata precludes claims or variations of claims raised in previous proceedings, and misuse of process precludes claims that could have been raised in a post-conviction proceeding or other proceeding)). 

[¶3] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom