# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2022 ND 27

Kendra M. Christiansen,                                                    Appellant

     v.

William T. Panos, Director,

Department of Transportation,                                          Appellee

### No. 20210218

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Wade L. Webb, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Mark A. Friese (argued) and Drew J. Hushka (on brief), Fargo, ND, and Danny L. Herbel (on brief), Bismarck, ND, for appellant.

Michael T. Pitcher, Assistant Attorney General, Bismarck, ND, for appellee.

# Christiansen v. NDDOT
## No. 20210218

**Crothers, Justice.**

[¶1]   Kendra M. Christiansen appeals the district court judgment affirming the Department of Transportation's decision to suspend her license for 91 days. Christiansen argues the Department lacked authority to suspend her driving privileges and failed to properly specify issues before the administrative hearing. Christiansen also argues she is entitled to attorney's fees and costs. We affirm.

I

[¶2]   On March 27, 2021, Christiansen was arrested for driving under the influence of alcohol. The arresting officer issued her the report and notice form. The Department received its copy of the report postmarked April 5, 2021, nine days after Christiansen's arrest.

[¶3]   Christiansen requested an administrative hearing. At the hearing, Christiansen argued the case should be dismissed because the report was not forwarded to the Department within five days of Christiansen's arrest as required by N.D.C.C. § 39-20-03.1(4). The hearing officer determined the five-day requirement was not a basic and mandatory requirement and Christiansen failed to show resulting prejudice. The hearing officer suspended Christiansen's license for 91 days.

[¶4]   Christiansen appealed the hearing officer's decision to the district court and requested attorney's fees and costs. The district court affirmed the hearing officer's decision and denied attorney's fees and costs.

II

[¶5]   The Administrative Agencies Practice Act governs this Court's review of an administrative decision suspending a driver's license. N.D.C.C. ch. 28-32. In an appeal from a district court's review of the Department of Transportation's decision, this Court reviews the Department's decision.

1

*Haynes v. Dir., Dep't of Transp.*, 2014 ND 161, ¶ 6, 851 N.W.2d 172. We will affirm the Department's decision unless:

> "1. The order is not in accordance with the law.
> 2. The order is in violation of the constitutional rights of the appellant.
> 3. The provisions of this chapter have not been complied with in the proceedings before the agency.
> 4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
> 5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
> 6. The conclusions of law and order of the agency are not supported by its findings of fact.
> 7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
> 8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge."

N.D.C.C. § 28-32-46. The facts in this case are undisputed. Thus, we examine whether the Department's decision is in accordance with the law. *See id.*

### III

[¶6]   Christiansen argues the Department lacked authority to suspend her license because the arresting officer did not comply with the five-day requirement in N.D.C.C. § 39-20-03.1(4). The State argues the officer's noncompliance did not deprive the Department of authority to suspend. We agree.

### A

[¶7]   This Court has addressed questions related to the Department's authority to suspend driving privileges by analyzing whether the statutory provisions at issue were "basic and mandatory." *See Schock v. N.D. Dep't of Transp.*, 2012 ND 77, ¶ 33, 815 N.W.2d 255 ("[W]e have held the Department's failure to strictly comply with other statutory provisions did not deprive the

Department of authority to suspend driving privileges when the statutory provision was not a basic and mandatory provision requiring compliance."). The "basic and mandatory" rationale has been used to excuse strict compliance with statutory provisions not essential to the Department when making its license suspension decision. *Id.* at ¶ 34.

[¶8] Christiansen argues the "basic and mandatory" analysis has been used to a degree higher than justified by the traditional rules of statutory interpretation and should be abandoned. While the rationale may have reached the end of its analytical usefulness, we resolve this case under traditional rules of statutory construction without deciding whether the "basic and mandatory" approach has any further life. *See* N.D.C.C. ch. 1-02 (providing rules of statutory interpretation).

B

[¶9] Statutory interpretation is a question of law, fully reviewable on appeal. *Greenwood v. Moore*, 545 N.W.2d 790, 794 (N.D. 1996). Chapter 1-02, N.D.C.C., contains the rules to be used in interpreting statutes. We have summarized the rules as follows:

> "The primary purpose of statutory interpretation is to determine legislative intent. Words in a statute are given their plain, ordinary, and commonly understood meaning unless defined by statute or unless a contrary intention plainly appears. If the language of a statute is clear and unambiguous, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit. We construe statutes as a whole and harmonized to give meaning to related provisions. . . . Further, we construe statutes in a way which does not render them meaningless because we presume the Legislature acts with purpose and does not perform idle acts."

*Dubois v. State*, 2021 ND 153, ¶ 22, 963 N.W.2d 543 (cleaned up).

[¶10] The legislative intent in enacting N.D.C.C. ch. 39-20 was to prevent individuals from driving while under the influence of alcohol. *Schwind v. Dir., N.D. Dep't of Transp.,* 462 N.W.2d 147, 150 (N.D. 1990). The chapter contains

a variety of provisions relating to implied consent, chemical tests in crashes, administration of chemical tests, procedures following a chemical test or refusal, revocation of driving privileges for refusal, administrative sanctions for driving under the influence of alcohol, administrative hearings, judicial review, interpretation of chemical tests, evidentiary effects of chemical tests, notice to other states, application to municipalities, liability of those administering chemical tests, state crime laboratory's use of records, screening tests, and the twenty-four seven sobriety program. *See* N.D.C.C. ch. 39-20.

[¶11] Christiansen argues the Department erred in suspending her license because the arresting officer failed to comply with N.D.C.C. § 39-20-03.1(4). That section provides:

> "If a person submits to a test under section 39-20-01 or 39-20-02 and the test shows that person to have an alcohol concentration of at least eight one-hundredths of one percent by weight . . . the following procedures apply:
>
> . . . .
>
> 4.     The law enforcement officer, within five days of the issuance of the temporary operator's permit, shall forward to the director a certified written report in the form required by the director. . . ."

[¶12] Here, Christiansen was issued a temporary operator's permit on March 27, 2021, and the Department received its copy postmarked April 5, 2021. It is undisputed the officer failed to forward the report within five days of issuing the temporary operator's permit. Therefore, the question is whether the officer's failure to comply with N.D.C.C. § 39-20-03.1(4) affects the Department's authority to suspend Christiansen's driving privileges.

C

[¶13] Section 39-20-03.1, N.D.C.C., lists procedures law enforcement must follow after a person has tested over the legal limit for driving under the influence. These procedures relate to the provisions of N.D.C.C. § 39-20-04.1, governing administrative sanctions when a person has driven under the

4

influence of alcohol. Section 39-20-04.1(1), N.D.C.C., requires the Department to suspend a person's driving privileges after the receipt of the report from law enforcement and either no hearing is requested or a hearing confirms the officer had reasonable grounds to arrest the person and test results showed that person was over the legal limit for driving.

[¶14] Harmonizing these related provisions, N.D.C.C. § 39-20-03.1 provides procedures for law enforcement to follow and N.D.C.C. § 39-20-04.1 provides the Department's authority to sanction a driver.

[¶15] Section 39-20-04.1(1), N.D.C.C., provides:

> "After the receipt of the certified report of a law enforcement officer and if no written request for hearing has been received from the arrested person under section 39-20-05, or if that hearing is requested and the findings, conclusion, and decision from the hearing confirm that the law enforcement officer had reasonable grounds to arrest the person and test results show that the arrested person was driving or in physical control of a vehicle while having an alcohol concentration of at least eight one-hundredths of one percent by weight or, with respect to a person under twenty-one years of age, an alcohol concentration of at least two one-hundredths of one percent by weight at the time of the performance of a test within two hours after driving or being in physical control of a motor vehicle, the director shall suspend the person's driving privileges as follows: . . ."

Before the Department can suspend a person's driving privileges when he or she has requested an administrative hearing, the Department must receive the certified report from law enforcement, confirm law enforcement had reasonable grounds to arrest the person and confirm test results show that person's alcohol concentration was over the legal limit within two hours of driving or being in control of a vehicle. N.D.C.C. § 39-20-04.1(1).

[¶16] The requirements in N.D.C.C. § 39-20-04.1(1) mirror some requirements of N.D.C.C. § 39-20-03.1(4). Section 39-20-03.1(4), N.D.C.C., requires the officer to forward the certified written report showing the officer had reasonable grounds to believe the individual was driving or in actual physical

5

control of a vehicle while under the influence. That section also requires the report to include the results of the chemical test showing the individual was over the legal limit. N.D.C.C. § 39-20-03.1(4). The Department then must confirm the reasonable grounds and chemical test results at a requested administrative hearing. N.D.C.C. § 39-20-04.1(1).

[¶17] Although we are not analyzing this case under the "basic and mandatory" rationale, the Court's precedent follows the requirements of N.D.C.C. § 39-20-04.1. *See Schwind*, 462 N.W.2d at 151 (holding the prerequisite for jurisdiction is the report and test records); *Aamodt v. N.D. Dep't of Transp.*, 2004 ND 134, ¶¶ 25-26, 682 N.W.2d 308 (holding the report must contain enough information to establish reasonable grounds to suspend driving privileges); *Jorgensen v. N.D. Dep't of Transp.*, 2005 ND 80, ¶ 13, 695 N.W.2d 212 (holding the report must contain chemical test results).

[¶18] Section 39-20-04.1(1), N.D.C.C., does not control or even mention the timing of law enforcement forwarding the report, nor the timing of the Department receiving the report (other than before suspension of driving privileges). Because we presume the legislature acts with a purpose and does not preform idle acts, the five-day directive to law enforcement in N.D.C.C. § 39-20-03.1(4) does not affect the Department's authority to suspend driving privileges under N.D.C.C. § 39-20-04.1. *See Dubois*, 2021 ND 153, ¶ 22 (Statutes are construed to avoid construction rendering "them meaningless because we presume the Legislature acts with purpose and does not perform idle acts.").

[¶19] Here, Christiansen requested an administrative hearing. The hearing officer received the report from law enforcement and made findings from the hearing that confirmed law enforcement had reasonable grounds to arrest Christiansen and test results showed she drove her vehicle while over the legal limit of alcohol. Thus, the Department had authority to suspend Christiansen's driving privileges.

# IV

[¶20] Although the Department had authority to suspend Christiansen's driving privileges, the officer did not comply with the procedure specified in N.D.C.C. § 39-20-03.1(4). The hearing officer found that because the violation of N.D.C.C. § 39-20-03.1(4) was not jurisdictional, Christiansen needed to show she was prejudiced but failed to do so.

[¶21] This Court's precedent on proof of prejudice is well established.

> "When no statutory remedy is provided for a statutory violation, we look to whether the victim of the violation was prejudiced. Ordinarily, absent a showing of prejudice, a statutory violation is not reversible error. Rule 61, N.D.R.Civ.P., provides:
>
>> 'Unless justice requires otherwise, no error in admitting or excluding evidence, or any other error by the court or a party, is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.'
>
> In most cases, the substantial rights of the defendant are affected if the error is prejudicial. The error is prejudicial if it has affected the outcome of the district court proceedings."

*Bayles v. N.D. Dep't of Transp.*, 2015 ND 298, ¶ 17, 872 N.W.2d 626 (cleaned up).

[¶22] Christiansen argues the statutory remedy for a violation of N.D.C.C. § 39-20-03.1 is contained in N.D.C.C. § 28-32-46. Section 28-32-46, N.D.C.C., provides for judicial review of an administrative agency decision. It contains no remedy when the procedure in N.D.C.C. § 39-20-03.1 was not followed. *Id.* Thus, the burden was on Christiansen to show she was prejudiced by the officer's failure to comply with N.D.C.C. § 39-20-03.1. *See Bayles*, 2015 ND 298, ¶ 18 (holding the burden of proof rests on the driver to show he or she was prejudiced by the Department's failure to comply with statute).

[¶23] Christiansen claims she was prejudiced by the Department's specification of issues for the administrative hearing. Section 28-32-21(3)(c), N.D.C.C., requires an agency to serve parties with a specification of issues to be considered and determined at the administrative hearing. An individual must be "adequately informed in advance of the issues to be addressed at a hearing so the person can be prepared to present evidence and arguments." *Morrell v. N.D. Dep't of Transp.*, 1999 ND 140, ¶ 13, 598 N.W.2d 111.

[¶24] Here, the Department specified issues relating to probable cause, Christiansen's arrest, and the chemical test results. Christiansen argues the Department did not specify the issue of prejudice resulting from the officer's failure to forward the report within five days, so she was not prepared to address the issue. At the hearing, Christiansen argued her case should be dismissed based on the officer's noncompliance with the five-day provision at issue. Christiansen maintains her attorney appeared without her at the hearing because he expected a dismissal. Thus, Christiansen was prepared to address the issue of the officer's failure to forward the report within five days. Christiansen made prejudice an issue by asking for dismissal when no remedy is provided for in N.D.C.C. § 39-20-03.1.

[¶25] The State argues any prejudice caused by the officer's failure to comply with N.D.C.C. § 39-20-03.1(4) affects the Department. We agree. The forwarding requirement ensures the Department receives information to process a driver's hearing request. If the Department does not receive the report, it has no basis to take action adverse against a driver and no suspension can occur. *See* N.D.C.C. § 39-20-04.1.

[¶26] In this case, Christiansen timely requested a hearing and the hearing occurred after the Department received the report and notice. On this record, the hearing officer correctly applied the law by requiring Christiansen to prove prejudice resulting from noncompliance with N.D.C.C. § 39-20-03.1(4). Because the Department's decision was in accordance with the law, we must affirm. *See* N.D.C.C. § 28-32-46.

# V

[¶27] We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit. The district court's judgment is affirmed.

[¶28] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte