# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

## 2024 ND 128

Loren Matthew Fisher,

Petitioner and Appellant

v.

North Dakota Department of
Transportation,

Respondent and Appellee

## No. 20240046

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bonnie L. Storbakken, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Chad R. McCabe, Bismarck, N.D., for petitioner and appellant.

Michael T. Pitcher, Assistant Attorney General, Bismarck, N.D., for respondent and appellee.

**Tufte, Justice.**

[¶1]   Loren Fisher appeals from a district court judgment affirming the decision of a Department of Transportation hearing officer, which suspended his driving privileges for a period of 91 days. On appeal, he argues the Department did not have authority to suspend his driving privileges, because he did not receive the Report and Notice containing the temporary operator's permit. We affirm.

I

[¶2]   Fisher was arrested and jailed for driving under the influence after an onsite blood alcohol concentration test showed a concentration above the legal limit. A deputy filled out a Report and Notice containing a temporary operator's permit and explained the permit to him. The policy at the Burleigh Morton Detention Center prohibited the deputy from handing the permit or other documents to an inmate at the jail, so the deputy gave Fisher's permit and other documents to the jail staff. But when Fisher was released, only the citations and warnings were with his property. He was not given the Report and Notice containing the temporary operator's permit.

[¶3]   Fisher requested a hearing with the Department on the advice of counsel. At the hearing, he argued he lacked notice as required by statute because he was not issued the Report and Notice containing the temporary operator's permit, so the Department lacked authority to suspend his license. The hearing officer concluded the Deputy issued the temporary operator's permit by informing Fisher about it and handing it to jail staff to be placed with Fisher's property. The hearing officer also concluded Fisher timely requested a hearing and made no showing of prejudice. The hearing officer suspended Fisher's license for ninety-one days.

[¶4]   Fisher appealed the Department's suspension of his license to the district court. The district court affirmed the hearing officer's decision. Fisher appeals.

II

[¶5]   The Administrative Agencies Practice Act, N.D.C.C. ch. 28-32, governs our review of the Department's decision to suspend driving privileges. *Kirkpatrick v. North Dakota Dep't of Transp.*, 2023 ND 190, ¶ 8, 996 N.W.2d 640. In an appeal from a district court's

review of the Department's decision, we review the Department's decision, giving deference to the Department's findings of fact, and review legal conclusions de novo. *Id*. We must affirm the Department's decision unless:

1. The order is not in accordance with the law.
2. The order is in violation of the constitutional rights of the appellant.
3. The provisions of this chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.
7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28-32-46. The question presented is whether the Department's conclusions of law are supported by the facts. Specifically, did the deputy issue the Report and Notice containing the temporary operator's permit in compliance with the statute?

[¶6]  Public administrative bodies have adjudicatory jurisdiction only to the extent conferred by statute. *Kirkpatrick,* 2023 ND 190, ¶ 9. The administrative agency's jurisdiction depends upon the terms of the statute, and the agency must meet the basic mandatory provisions of the statute to establish jurisdiction. *Id*. "This Court has previously discussed whether certain provisions of N.D.C.C. § 39-20-03.1 are basic and mandatory provisions that require compliance before the Department is authorized to suspend a person's driving privileges." *Id*. "Whether the provision is basic and mandatory rests primarily on whether the Department's authority is affected by failure to apply the provision." *Id*.

[¶7]  When a driver is found to have an alcohol concentration exceeding the per se limit, N.D.C.C. § 39-20-03.1(1) requires:

The law enforcement officer shall immediately issue to that person a temporary operator's permit if the person then has valid operating privileges, extending driving privileges for the next twenty-five days, or until earlier

terminated by the decision of a hearing officer under section 39-20-05. The law enforcement officer shall sign and note the date on the temporary operator's permit. The temporary operator's permit serves as the director's official notification to the person of the director's intent to revoke, suspend, or deny driving privileges in this state.

[¶8]     This Court has concluded the issuance of a temporary operator's permit is a basic and mandatory requirement of the statute because it serves as official notice of the director's intent to revoke, suspend, or deny driving privileges. *Ike v. Dir., North Dakota Dep't of Transp.*, 2008 ND 85, ¶ 8, 748 N.W.2d 692. To issue the temporary operator's permit, service is not required. *Haynes v. Dir., Dep't of Transp.*, 2014 ND 161, ¶ 11, 851 N.W.2d 172.

[¶9]     Fisher argues the Department does not have the authority to suspend his driving privileges because he did not receive the Report and Notice containing his temporary operator's permit.

[¶10]   Under section 39-20-03.1(1), N.D.C.C., the law enforcement officer shall "issue" a temporary operator's permit. The verb "issue" is commonly defined as "[t]o send out or distribute officially." *Black's Law Dictionary* 995 (12th ed. 2024); *The American Heritage Dictionary* 680 (2nd College ed. 1982) ("[t]o circulate or distribute in an official capacity"). After filling out the temporary operator's permit, the deputy informed Fisher about it and handed it to jail staff to place with Fisher's belongings. The actions of the deputy satisfy the basic and mandatory provision that the officer "issue" the temporary operator's permit to Fisher. We conclude the basic and mandatory requirements of N.D.C.C. § 39-20-03.1 were met, and the Department had authority to revoke Fisher's driving privileges.

III

[¶11]   We have considered all other arguments raised and determined that they are either unnecessary to our opinion or without merit. We affirm the judgment.

[¶12]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr

3