# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 192

State of North Dakota,                                                    Plaintiff and Appellee

v.

Nicholas Paul Blaskowski,                                         Defendant and Appellant

No. 20190002

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Cherie L. Clark, Judge.

REVERSED.

Opinion of the Court by Jensen, Justice.

Joseph K. Nwoga, Assistant State's Attorney, Jamestown, ND, for plaintiff and appellee.

Luke T. Heck, Fargo, ND, for defendant and appellant.

**Jensen, Justice.**

[¶1]    Nicholas Blaskowski appeals from a criminal judgment entered after a jury verdict finding him guilty of driving under the influence under N.D.C.C. § 39-08-0l(l)(a).  Blaskowski argues the district court erred in admitting the results of his chemical breath test into evidence.  Specifically, Blaskowski contends the State failed to establish the chemical breath test was fairly administered under N.D.C.C. § 39-20-07 because the State did not offer proof the device used to perform the chemical breath test was installed by a field inspector prior to its use.  We reverse the criminal judgment.

## I.

[¶2]    On June 17, 2018, a North Dakota Highway Patrol Trooper stopped Blaskowski for speeding and ultimately arrested him for driving under the influence.  Blaskowski consented to a chemical breath test via an Intoxilyzer 8000 device.  The test result indicated Blaskowski's blood alcohol content was over the legal limit for operating a motor vehicle, he was charged with DUI, and a jury trial was held on November 26, 2018.

[¶3]    At trial, Blaskowski objected to the introduction of the Intoxilyzer 8000 Test Record and Checklist, which documented the result of the chemical breath test.  Blaskowski argued the State did not establish the chemical breath test was fairly administered under N.D.C.C. § 39-20-07 because the State failed to establish the device was installed by a field inspector prior to its use as provided in the approved method for operating the device.  The district court overruled Blaskowski's objection and admitted the test result.  Blaskowski was found guilty of DUI under N.D.C.C. § 39-08-0l(l)(a).

## II.

[¶4]    Whether a chemical test was fairly administered is a question of admissibility left to the district court's discretion. *State v. Van Zomeren*, 2016 ND 98, ¶ 8, 879 N.W.2d 449. Evidentiary rulings are reviewed for an abuse of discretion. *Id.* at ¶ 7. "A district court abuses its discretion only if it acts in an arbitrary, unreasonable or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *Rogers v. State*, 2017 ND 271, ¶ 11, 903 N.W.2d 730.

[¶5]    "Section 39-20-07, N.D.C.C., governs the admission of a chemical test result and allows the use of certified documents to establish the evidentiary foundation for the result." *Ell v. Dir., N.D. Dep't of Transp.*, 2016 ND 164, ¶ 17, 883 N.W.2d 464. Section 39-20-07(5), N.D.C.C., eases the burden in laying an evidentiary foundation for a chemical test result, provided that four foundational elements are met. *Id.* at ¶ 18. One of these foundational elements requires the breath test to have been "fairly administered." *Id.* (citing *Filkowski v. Dir., N.D. Dep't of Transp.*, 2015 ND 104, ¶ 12, 862 N.W.2d 785).

[¶6]    To facilitate compliance with N.D.C.C. § 39-20-07 and the foundational element requiring a test be fairly administered, the state toxicologist has established approved methods for administering chemical breath tests. *Thorsrud v. Dir., N.D. Dep't of Transp.*, 2012 ND 136, ¶ 8, 819 N.W.2d 483. The approved method for the device used in this case was admitted at trial and provided, in part, that the device "must be installed by a Field Inspector prior to use." Blaskowski argues the State failed to establish the device was installed by a field inspector prior to use.

[¶7]    If the evidence fails to show "scrupulous compliance" with the approved method for administering a chemical breath test, the evidentiary shortcut provided by N.D.C.C. § 39-20-07 cannot be used and fair administration of the test must be established through expert testimony. *Van Zomeren*, 2016 ND 98, ¶ 10, 879 N.W.2d 449. While N.D.C.C. § 39-20-07(5) eases the burden of laying an evidentiary foundation for a chemical test result, "[t]he scientific accuracy of the test cannot be

2

established without expert testimony if there is not strict compliance with the approved method" for administering the chemical test . *Ell*, 2016 ND 164, ¶ 19, 883 N.W.2d 464.

[¶8]     This Court has previously reviewed a similar challenge to the results of a chemical breath test where the approved method for conducting the test required the device to "be installed by a field inspector prior to use." *Ell*, 2016 ND 164, ¶¶ 15-22, 883 N.W.2d 464.   In *Ell*, the Department of Transportation provided evidence the device had been inspected at the Office of the Attorney General, Crime Lab Division, but did not provide documentation the device had been installed by a field inspector at the location where the testing occurred.   *Id.* at ¶ 20.   The Department argued the inspection at the Crime Lab Division satisfied the approved method's requirement that the device be installed by a field inspector prior to use and asserted the relocation of the device did not adversely impact the test result.   *Id.*   We noted it was "not clear from the approved method or from any other evidence in the record that inspection of a testing device is the same as installation of the device," and although the Department "established the location of the inspection of the device . . . it did not establish that the device was installed by a field inspector."   *Id.*   In *Ell*, we held as follows:

> Without evidentiary or testimonial proof of compliance with the approved method, the Department failed to make a prima facie showing the approved method was followed, and the foundational elements of N.D.C.C. § 39-20-07 for the evidentiary shortcut were not met.   The Department did not present expert testimony to establish the test was fairly administered.   Proper foundation for the Intoxilyzer test result was not laid.   We conclude the hearing officer misapplied the law and abused her discretion in admitting the breath test result.

*Ell*, at ¶ 22.

[¶9]     The State argues *Ell* is distinguishable from this case because in *Ell,* the device was moved from the Crime Lab Division to the location of the testing.   However, in *Ell*, this Court focused its review on compliance with the approved method, which required the device be installed by a field inspector prior to use, not whether the device had been moved subsequent to an inspection.   *Ell*, 2016 ND 164, ¶ 21, 883

3

N.W.2d 464. We noted the record contained no documentation evidencing the device had been installed by a field inspector as required by the approved method and specifically noted the approved method did not equate inspection and installation. *Id.* at ¶ 22. Without proof of compliance with the approved method, we concluded the test could not be considered fairly administered under N.D.C.C. § 39-20-07, proper foundation was not laid, and the test result was inadmissible. *Id.*

[¶10] Here, just as in *Ell*, the approved method for the device requires installation by a field inspector prior to use. The record does not contain any documentation establishing the device was installed by a field inspector or expert testimony establishing the test was fairly administered. Without strict compliance with the approved method or expert testimony, the scientific accuracy of the test cannot be established. *Ell*, 2016 ND 164, ¶ 21, 883 N.W.2d 464; *Lee v. N.D. Dep't of Transp.*, 2004 ND 7, ¶ 12, 673 N.W.2d 245. We conclude the district court misapplied the law and abused its discretion by admitting into evidence a chemical breath test result lacking proof that it had been fairly administered.

### III.

[¶11] The approved method for conducting the chemical test at issue in this case required the device be installed by a field inspector. Absent evidence of installation of the device by a field inspector, or expert testimony establishing the test was fairly administered, the test result was not admissible. We conclude the district court abused its discretion when it admitted the test result. We reverse the criminal judgment.

[¶12] Jon J. Jensen
Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte
Gerald W. VandeWalle, C.J.