# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 76

Kyle Al Christianson,                                                      Appellant

v.

Ronald Henke, Interim Director,

Department of Transportation,                              Appellee

## No. 20190348

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable John W. Grinsteiner, Judge.

REVERSED AND VACATED.

Opinion of the Court by Crothers, Justice.

Adam Justinger, Fargo, ND, for appellant.

Douglas B. Anderson, Bismarck, ND, for appellee.

**Crothers, Justice.**

[¶1]   Kyle Christianson appeals from a district court's judgment affirming the North Dakota Department of Transportation's suspension of his driving privileges.  Christianson asserts the Department's hearing file, which was admitted at the adjudication hearing, was improperly certified as a true copy of the Department's official records.  We conclude Christianson rebutted the presumption that the individual whose signature certified the record had authority to do so.  We reverse the hearing officer's decision to admit the hearing file and vacate the Department's suspension of Christianson's driving privileges.

I

[¶2]   The Department issued Christianson an order of suspension for his non-commercial driver's license and order of disqualification for his commercial license (together referred to as suspension) based on his driving privileges being suspended in another jurisdiction.  At the adjudication hearing, the Department sought to admit a hearing file indicating Christianson's driving privileges were suspended in Canada for a violation of Canada's laws prohibiting driving under the influence of alcohol.  The hearing file was certified by Glenn Jackson, Drivers License Division Director, as a true copy of the official Department records.

[¶3]   Christianson objected to admission of the hearing file arguing it was not properly certified.  Christianson offered exhibits detailing an investigation into Jackson's workplace misconduct and subsequent resignation.  The exhibits were comprised of an intra-agency investigatory report and newspaper articles.  After the hearing officer admitted the exhibits, Christianson requested the hearing officer take judicial notice that, as detailed in the articles, Jackson was on administrative leave on the date his signature certified the Department's hearing file as a true and correct copy of the Department's official records.

1

[¶4]    The hearing officer admitted the hearing file over Christianson's objection concluding it was properly certified as a copy of the official Department records.  The hearing officer explained he was unaware of the extent of Jackson's administrative leave and its effect on Jackson's role with the Department.  The hearing officer recommended Christianson's driving privileges be suspended.  The Department adopted the recommendation and suspended Christianson's non-commercial driver's license for a period of 91 days and his commercial driver's license for a period of one year.  The district court affirmed.

II

[¶5]    Christianson argues the hearing file was inadmissible and therefore the Department's suspension of his driving privileges was not in accordance with the law.

[¶6]    The Administrative Agencies Practice Act, N.D.C.C. ch. 28-32, governs our review of the Department of Transportation's decision to suspend or revoke a driver's license.  *Haynes v. Dir., Dep't of Transp.*, 2014 ND 161, ¶ 6, 851 N.W.2d 172.  We review the Department's original decision.  *DeForest* v. *N.D. Dep't of Transp.*, 2018 ND 224, ¶ 5, 918 N.W.2d 43.  We give great deference to the Department's findings of fact.  *Id.*  We review the Department's legal conclusions de novo.  *Id.*  We must affirm the Department's decision unless:

> "1. The order is not in accordance with the law.
>
> 2. The order is in violation of the constitutional rights of the appellant.
>
> 3. The provisions of [chapter 28-32] have not been complied with in the proceedings before the agency.
>
> 4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
>
> 5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

2

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge."

N.D.C.C. § 28-32-46.

[¶7] The admissibility of evidence at an adjudicative proceeding generally is governed by the North Dakota Rules of Evidence. N.D.C.C. § 28-32-24; *see also Jangula v. N.D. Dep't of Transp.*, 2016 ND 116, ¶ 8, 881 N.W.2d 639. A hearing officer has "broad discretion" when making evidentiary determinations. *Id.* We review a hearing officer's evidentiary determinations for an abuse of discretion. *Id.*

[¶8] "Before documentary evidence is admissible, it must be authenticated." *Ouradnik v. Henke*, 2020 ND 39, ¶ 20, 938 N.W.2d 392 (quoting *Frost v. N.D. Dep't of Transp.*, 487 N.W.2d 6, 8 (N.D. 1992)). Authentication requires evidence sufficient to support a finding that the item in question is what the proponent claims it to be. N.D.R.Ev. 901(a). Certain items are self-authenticating and require no extrinsic evidence of authenticity, including "[a] signature, document, or anything else that a statute declares to be presumptively or prima facie genuine or authentic." N.D.R.Ev. 902(10).

[¶9] Section 39-06-33(2), N.D.C.C., states that, at a hearing regarding the suspension or revocation of a driver's license, "the regularly kept records of the director may be introduced and are prima facie evidence of their content without further foundation." "It has long been the law in this state that an official record may be proved 'by the original or by a copy, certified by the legal keeper thereof.'" *Frost*, 487 N.W.2d at 9 (quoting N.D.C.C. § 31-09-10(5)). A copy of an official record is self-authenticating when certified as correct by "the custodian or another person authorized to make the certification[.]" N.D.R.Ev.

3

902(4)(A). "Only the certificate as to custody and correctness by 'the legal keeper thereof' is required." *Frost*, at 9.

[¶10] In *Frost*, this Court explained that custodial authority is presumed:

> "Rule 902(4) requires no additional certification to the fact of custody or to the custodian's authority. The purported custodian's signature under a statement that he has custody of the original and that the copy is correct, whether or not accompanied by a seal, suffices to assure the accuracy of the copy as a substitute for the original. . . .
>
> "The rule is silent as to what the custodian's certificate should contain. Any reasonable statement implying custody and correctness should suffice.
>
> "As applied to domestic records, the phrase 'other person authorized to make certification' applies to deputy custodians or others in the office of the custodian who are authorized to make copies of the records in their keeping. His authority should be assumed on the basis of his certification alone."

487 N.W.2d at 10 (quoting 5 *Weinstein's Evidence*, ¶ 902(4)[01], p. 902-25 to -26).

[¶11] Christianson asserts Jackson had no authority to certify the hearing file because he was on administrative leave. He claims the hearing file was not self-authenticating due to Jackson's invalid certification. He argues the hearing file was improperly admitted because its authenticity was not established.

[¶12] Although custodial authority generally is presumed, "evidence that the person who signed the certificate was not the legal custodian of the record (or otherwise authorized to sign) would prevent the record from being self-authenticating." 5 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence,* § 902.06[2] (2d ed. 2020). We also have explained that official acts are presumed to have been regularly completed unless evidence exists to the contrary:

"Section 31-11-03 NDCC which catalogs disputable presumptions, sets forth the presumption, 'That official duty has been performed regularly.' Since this is a disputable presumption, it follows that where there is evidence that official duty has not been regularly performed, the burden of going forward with the evidence is cast upon the officials whose acts are challenged."

*Linden Sch. Dist. No. 24 v. Porter*, 130 N.W.2d 76, 80 (N.D. 1964); *see also Haugland v. City of Bismarck*, 2014 ND 51, ¶ 12, 843 N.W.2d 840 ("Under N.D.C.C. § 31-11-03(15), there is a disputable presumption that an official duty has been performed regularly, which may be contradicted.").

[¶13] "A party against whom a presumption is directed has the burden of rebutting the presumption by proving the nonexistence of the presumed fact is more probable than its existence." *Stenehjem ex rel State v. Nat'l Audubon Soc'y, Inc.*, 2014 ND 71, ¶ 25, 844 N.W.2d 892. Whether a presumption has been rebutted is a question of fact governed by the clearly erroneous standard of review under N.D.R.Civ.P. 52(a). *In re Estate of Blikre*, 2019 ND 257, ¶ 22, 934 N.W.2d 867 (citing *In re Estate of Clemetson*, 2012 ND 28, ¶ 11, 812 N.W.2d 388); *see also Stenehjem*, at ¶ 25.

[¶14] The exhibits Christianson offered indicate Jackson was on administrative leave on the date the hearing file was certified. The hearing officer acknowledged Jackson was on administrative leave, but he nonetheless admitted the hearing file as self-authenticating based on Jackson's certification. The hearing officer explained: "I may have heard . . . may have been aware of that there was an administrative leave. I'm not sure of the circumstances of it in its entirety or the specifics or the extent of the leave. And what exactly, what that meant as far as his role with the division."

[¶15] Based on the facts in this case, we conclude as a matter of law that Christianson rebutted the presumption Jackson had authority to certify Department records. Christianson established that, on the date of the certification, Jackson was on administrative leave due to suspected workplace misconduct. Although Christianson did not prove Jackson lacked authority to act on behalf of the Department, as the hearing officer recognized, he raised

facts that made it more probable than not that Jackson's authority had been suspended. The hearing officer's decision to the contrary was clearly erroneous.

[¶16] By establishing Jackson was on administrative leave when the certification was made, Christianson shifted the burden to the Department to either prove Jackson had certification authority or to proffer evidence authenticating the copies. The Department did neither, and therefore the hearing officer abused his discretion by admitting the file because its authenticity was not established. Because the Department relied on inadmissible evidence to suspend Christianson's driving privileges, its decision is not in accordance with the law.

### III

[¶17] The hearing officer's decision to admit the hearing file is reversed and the Department's suspension and disqualification of Christianson's driving privileges are vacated.

[¶18] Daniel J. Crothers
      Gerald W. VandeWalle
      Jerod E. Tufte
      Lisa Fair McEvers
      Jon J. Jensen, C.J.

6