# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2020 ND 102

Larry William Hewitt,                                              Appellant

v.

Ronald Henke, Interim Director,
Department of Transportation,                               Appellee

### No. 20190389

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Troy J. LeFevre.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Luke T. Heck (argued) and Drew J. Hushka (on brief), Fargo, ND, for appellant.

Douglas B. Anderson, Assistant Attorney General, Bismarck, ND, for appellee.

**McEvers, Justice.**

[¶1]   Larry Hewitt appeals from a district court judgment affirming the North Dakota Department of Transportation's revocation of his driving privileges. Hewitt claims the Department's hearing file was improperly admitted at the administrative hearing.  We affirm the district court judgment concluding the hearing file was properly admitted as a self-authenticating copy of an official record.

I

[¶2]   Hewitt was arrested on suspicion of driving under the influence of alcohol.  The arresting officer issued Hewitt a Report and Notice of driver's license suspension based on Hewitt's refusal to submit to a chemical breath test.  Hewitt requested an administrative hearing.  The Department sent Hewitt a notice of the hearing, which contained a copy of the Department's hearing file.  The hearing file included the Report and Notice, as well as Hewitt's driving record, which indicated his license had previously been suspended for driving with a blood alcohol content over the legal limit.  The hearing file was certified as a correct copy of the Department's records by Glenn Jackson, Drivers License Division Director.  On the date of Jackson's certification, he was on an administrative leave of absence due to allegations of workplace misconduct.

[¶3]   On the day before the administrative hearing, Hewitt sent a discovery request to the hearing officer for information relating to Jackson's administrative leave of absence.  The Department answered his request by submitting an identical hearing file certified by Robin Rehborg as interim division director.  Hewitt then requested a copy of Rehborg's oath of office.  The Department did not respond prior to the hearing.

[¶4]   At the administrative hearing, Hewitt objected to admission of the Department's hearing file.  As to the copy certified by Jackson, Hewitt argued Jackson was not authorized to make the certification because he was on

administrative leave on the date of the certification. As to the copy certified by Rehborg, Hewitt objected claiming Rehborg had not filed an oath of office with the secretary of state. The hearing officer held the record open to allow Hewitt to complete additional discovery and submit a written closing argument. Hewitt submitted a closing argument elaborating on the objections he made during the hearing. He also submitted the Department's response to his discovery request, which indicated the Department had no record of an oath sworn by Rehborg.

[¶5] The hearing officer entered a decision concluding the hearing file was admissible. The Department suspended Hewitt's driving privileges for refusal to submit to a chemical breath test. The suspension was for a period of two years based on Hewitt's prior suspension for driving with a blood alcohol content over the legal limit as detailed on his driving record. The district court affirmed the Department's decision.

## II

[¶6] On appeal, Hewitt argues the Department's hearing file was improperly admitted.

[¶7] Our review of the Department of Transportation's decision to suspend or revoke driving privileges is governed by the Administrative Agencies Practice Act, codified at N.D.C.C. ch. 28-32. *Haynes v. Dir., Dep't of Transp.*, 2014 ND 161, ¶ 6, 851 N.W.2d 172. We review the Department's original decision, giving great deference to the Department's findings of fact and reviewing its legal conclusions de novo. *DeForest* v. *N.D. Dep't of Transp.*, 2018 ND 224, ¶ 5, 918 N.W.2d 43. We affirm the Department's decision unless:

> 1. The order is not in accordance with the law.
> 2. The order is in violation of the constitutional rights of the appellant.
> 3. The provisions of [chapter 28-32] have not been complied with in the proceedings before the agency.
> 4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

2

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.
7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28-32-46.

[¶8]  The North Dakota Rules of Evidence generally govern the admissibility of evidence at an adjudicative proceeding.  N.D.C.C. § 28-32-24; *see also Jangula v. N.D. Dep't of Transp.*, 2016 ND 116, ¶ 8, 881 N.W.2d 639.  We review a hearing officer's evidentiary determinations for an abuse of discretion. *Jangula*, at ¶ 8.

[¶9]  Documentary evidence must be authenticated before it is admissible. *Ouradnik v. Henke*, 2020 ND 39, ¶ 20, 938 N.W.2d 392.  Authentication requires evidence sufficient to support a finding that the item in question is what the proponent claims it to be.  N.D.R.Ev. 901(a).  Certain self-authenticating items require no extrinsic evidence of authenticity, including "[a] signature, document, or anything else that a statute declares to be presumptively or prima facie genuine or authentic."  N.D.R.Ev. 902(10).

[¶10] At a hearing regarding the suspension or revocation of a driver's license, "the regularly kept records of the director may be introduced and are prima facie evidence of their content without further foundation."  N.D.C.C. § 39-06-33(2).  "It has long been the law in this state that an official record may be proved 'by the original or by a copy, certified by the legal keeper thereof.'" *Frost v. N.D. Dep't of Transp.*, 487 N.W.2d 6, 9 (N.D. 1992) (quoting N.D.C.C. § 31-09-10(5)).  Copies of official records are self-authenticating when they are certified as correct by "the custodian or another person authorized to make the certification."  N.D.R.Ev. 902(4)(A).  "Only the certificate as to custody and

3

correctness by 'the legal keeper thereof' is required." *Frost*, at 9 (quoting N.D.C.C. § 31-09-10(5)).

[¶11] Hewitt challenges Rehborg's authority to act as interim director asserting there is no evidence she swore an oath of office. He claims she therefore lacked authority to certify Department records. Rehborg's certification stated: "The undersigned, having legal custody, certifies that the information contained herein, consisting of 5 pages (including this page), is a true and correct copy of the original as appears in the files and records of this division as of 5/8/2019." Hewitt made the following objection at the administrative hearing:

> I would object under North Dakota Century Code section 44-01-05 . . . it requires that each civil officer in the state before entering of duties of their office shall take and subscribe the oath . . . . I request[ed] . . . a copy of the oath . . . I have not seen documentation that there's been an oath submitted to the Secretary of State based on the same. . . . [T]here's no documentary evidence to support that [Rehborg is] acting with the authority that's allowed by the Department of Transportation to certify documents either. There's procedure that needs to be followed. There's nothing supporting that that was done.

[¶12] In *Christianson v. Henke,* we explained that a record custodian's authority is presumed:

> Rule 902(4) requires no additional certification to the fact of custody or to the custodian's authority. The purported custodian's signature under a statement that he has custody of the original and that the copy is correct, whether or not accompanied by a seal, suffices to assure the accuracy of the copy as a substitute for the original. . . .
>
> The rule is silent as to what the custodian's certificate should contain. Any reasonable statement implying custody and correctness should suffice.
>
> As applied to domestic records, the phrase "other person authorized to make certification" applies to deputy custodians or

4

others in the office of the custodian who are authorized to make copies of the records in their keeping. His authority should be assumed on the basis of his certification alone.

2020 ND 76, ¶ 10 (quoting *Frost*, 487 N.W.2d at 10). There is also a presumption that an official duty has been performed regularly. *See* N.D.C.C. § 31-11-03(15). *See also Haugland v. City of Bismarck*, 2014 ND 51, ¶ 12, 843 N.W.2d 840 ("Under N.D.C.C. § 31-11-03(15), there is a disputable presumption that an official duty has been performed regularly, which may be contradicted.").

[¶13] "A party against whom a presumption is directed has the burden of rebutting the presumption by proving the nonexistence of the presumed fact is more probable than its existence." *Stenehjem ex rel. State v. Nat'l Audubon Soc'y, Inc.*, 2014 ND 71, ¶ 25, 844 N.W.2d 892. To rebut the presumption that a record custodian has authority to certify records, the challenger must present at least some "evidence that the person who signed the certificate was not the legal custodian of the record (or otherwise authorized to sign)." *Christianson*, 2020 ND 76, ¶ 12 (quoting 5 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence,* § 902.06[2] (2d ed. 2020)).

[¶14] Although certain elected and appointed officials are required to take an oath of office prior to assuming their duties, *see* N.D.C.C. § 44-01-05, there is no oath requirement for record custodians under N.D.R.Ev. 902(4)(A). Nor is there a requirement that copies of Department records be certified as correct by an employee acting in a director capacity. Rehborg's authority to certify Department records is presumed. Hewitt has not provided any evidence to rebut that presumption. We therefore conclude the Department's hearing file was properly admitted as a self-authenticating copy of an official Department record under N.D.C.C. § 39-06-33(2) and N.D.R.Ev. 902(4)(A) and (10).

[¶15] Hewitt's remaining arguments are either without merit or unnecessary to our decision. We affirm the district court judgment.

[¶16] Lisa Fair McEvers
    Gerald W. VandeWalle

Jon J. Jensen, C.J.

Daniel J. Crothers

Jerod E. Tufte