# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 26

James George McClintock, Jr.,                                    Appellee

     v.

Department of Transportation,                                    Appellant

## No. 20200164

Appeal from the District Court of Pierce County, Northeast Judicial District, the Honorable Michael P. Hurly, Judge.

REVERSED AND REINSTATED.

Opinion of the Court by McEvers, Justice.

Alexander F. Reichert (argued) and Challis D. Williams (on brief), Grand Forks, ND, for appellee.

Michael T. Pitcher, Assistant Attorney General, Bismarck, ND, for appellant.

**McEvers, Justice.**

[¶1] The Department of Transportation appeals from a district court judgment reversing a Department hearing officer's decision suspending James McClintock's driving privileges for a period of 91 days. The Department argues the court erred in reversing because the greater weight of the evidence showed the Intoxilyzer 8000 was installed by a field inspector before its use. We reverse the judgment and reinstate the hearing officer's decision.

I

[¶2] In December 2019, a Pierce County sheriff's deputy arrested McClintock for driving, or being in actual physical control of, a vehicle while under the influence of intoxicating liquor. A report and notice, including a temporary operator's permit, was issued to McClintock after chemical breath test results indicated his alcohol concentration was .138 percent by weight. The report and notice also notified him of the Department's intent to suspend his driving privileges. McClintock requested an administrative hearing.

[¶3] After a January 2020 hearing, the Department hearing officer issued a decision suspending his driving privileges for 91 days. At the hearing, McClintock argued that the Department did not introduce sufficient evidence to show the Intoxilyzer 8000 device used to test his breath was installed by a field inspector before its use. The hearing officer, however, found the greater weight of the evidence established that the testing took place on an approved device and was carried out in accordance with the approved method. The hearing officer specifically found that Exhibit 7—the Intoxilyzer 8000 Installation and Repair Checkout—established that the device had been installed by a field inspector on August 16, 2018, and was certified by the director's designee, Roberta Grieger-Nimmo, as being properly installed and ready for use for the analysis of breath to determine alcohol concentration. McClintock appealed to the district court.

[¶4]   The district court reversed the Department's decision. In its order, the court concluded the hearing officer had erred in admitting the breath test results. From the evidence admitted at the administrative hearing, the court noted that Exhibit 5—List of Certified Chemical Test Operators, July 1, 2019 (as supplemented 11/01/2019)—showed that the officer who had installed the machine, Jeremy Monroe, was listed as a "certified field inspector" from January 1, 2019, to January 1, 2021. The court further noted that Exhibit 7 showed Monroe had installed the machine on August 16, 2018. From this evidence, the court concluded that "no evidence" established that the field inspector, who had personally installed the device used in this case, was certified as a field inspector at the time of its installation.

[¶5]   A judgment reversing the Department's decision was subsequently entered.

II

[¶6]   The Administrative Agencies Practice Act, N.D.C.C. ch. 28-32, governs this Court's review of the Department's decision to suspend or revoke driving privileges. *Hewitt v. Henke*, 2020 ND 102, ¶ 7, 942 N.W.2d 459. This Court reviews the Department's original decision, giving great deference to its findings of fact and reviewing its legal conclusions de novo. *Id.* This Court must affirm the Department's decision unless:

> 1. The order is not in accordance with the law.
> 2. The order is in violation of the constitutional rights of the appellant.
> 3. The provisions of [chapter 28-32] have not been complied with in the proceedings before the agency.
> 4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
> 5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
> 6. The conclusions of law and order of the agency are not supported by its findings of fact.
> 7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

2

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28-32-46; *see also* N.D.C.C. § 28-32-49.

[¶7] Generally, the North Dakota Rules of Evidence govern the admissibility of evidence at an adjudicative proceeding. N.D.C.C. § 28-32-24(1); *see also Jorgenson v. Sorel*, 2020 ND 193, ¶ 12, 948 N.W.2d 809; *Hewitt*, 2020 ND 102, ¶ 8; *Jangula v. N.D. Dep't of Transp.*, 2016 ND 116, ¶ 8, 881 N.W.2d 639. "A hearing officer is afforded broad discretion to control the admission of evidence at the hearing, and the decision to admit or exclude evidence will only be reversed on appeal if the hearing officer abused his discretion." *May v. Sprynczynatyk*, 2005 ND 76, ¶ 24, 695 N.W.2d 196.

### III

[¶8] The Department argues that the greater weight of the evidence showed the Intoxilyzer 8000 was installed by a field inspector prior to use and that the hearing officer did not abuse her discretion in admitting McClintock's chemical Intoxilyzer test results into evidence.

[¶9] "Section 39-20-07, N.D.C.C., governs the admission of a chemical test result and allows the use of certified documents to establish the evidentiary foundation for the result." *Ell v. Dir., N.D. Dep't of Transp.*, 2016 ND 164, ¶ 17, 883 N.W.2d 464. Section 39-20-07(5), N.D.C.C., eases the burden in laying the evidentiary foundation for a chemical test result when four foundational elements are met:

> (1) the sample must be properly obtained, (2) the test must be fairly administered, (3) the method and devices used to test the sample must be approved by the director of the state crime laboratory or the director's designee, and (4) the . . . test must be performed by an authorized person or by one certified by the director of the state crime laboratory or the director's designee as qualified to perform it.

3

*Ell*, at ¶ 18 (citing *Filkowski v. Dir., N.D. Dep't of Transp.*, 2015 ND 104, ¶ 12, 862 N.W.2d 785); *see also State v. Blaskowski*, 2019 ND 192, ¶ 5, 931 N.W.2d 226.

[¶10] "To facilitate compliance with N.D.C.C. § 39-20-07 and the foundational element requiring a test be fairly administered, the state toxicologist has established approved methods for administering chemical breath tests." *Blaskowski*, 2019 ND 192, ¶ 6 (citing *Thorsrud v. Dir., N.D. Dep't of Transp.*, 2012 ND 136, ¶ 8, 819 N.W.2d 483). The approved method for the Intoxilyzer 8000 requires the device "must be installed by a Field Inspector prior to use." *See Blaskowski*, at ¶ 6; *Ell*, 2016 ND 164, ¶ 20. "If the documentary evidence and testimony does not show scrupulous compliance with the methods approved by the director of the state crime laboratory or the director's designee, the evidentiary shortcut provided by N.D.C.C. § 39-20-07 cannot be used and fair administration of the test must be established through expert testimony." *State v. Van Zomeren*, 2016 ND 98, ¶ 10, 879 N.W.2d 449.

[¶11] The Department argues that McClintock's Intoxilyzer test was properly admitted into evidence. The Department asserts the documentary evidence shows that the Intoxilyzer device used to conduct McClintock's chemical breath test was installed by a field inspector before its use, which was specifically established by Exhibit 7, containing the Intoxilyzer 8000 Installation and Repair Checkout form and its three associated run tests for the device with the specified serial number. The Department argues that McClintock did not rebut this prima facie evidence of proper installation for the device that was used to analyze the alcohol concentration of his breath and that McClintock's reliance on Exhibit 5 to rebut the prima facie showing of fair administration is unavailing. The Department asserts Exhibit 5 was not offered to show field inspector Monroe was certified at the time of its installation, but rather Exhibit 5 showed the deputy who conducted the test was an approved chemical test operator under N.D.C.C. § 39-20-07(5) at the time of the test.

[¶12] The Department asserts that neither the statute nor the approved method require that the field inspector must be "certified." The Department acknowledges that N.D.C.C. § 39-20-07(6) provides "[t]he director of the state

crime laboratory or the director's designee may appoint, train, certify, and supervise field inspectors . . . and the inspectors shall report the findings of any inspection to the director of the state crime laboratory or the director's designee for appropriate action." However, it is the director, or the director's designee, that approves and certifies the device. *See* N.D.C.C. § 39-20-07(6) ("Upon approval of the methods or devices . . . the director of the state crime laboratory or the director's designee shall prepare, certify, and electronically post a written record of the approval with the state crime laboratory."). The Department argues that the evidence admitted at the hearing shows Monroe was an approved field inspector in August 2018, as established by Exhibit 7, and that this prima facie evidence was not rebutted by Monroe's "current" listing as a certified field inspector from January 1, 2019, through January 1, 2021. The Department argues McClintock must present "actual evidence" to contradict the prima facie evidence.

[¶13] McClintock responds that the hearing officer erred in admitting the Intoxilyzer record and checklist into evidence. He contends that Grieger-Nimmo's approval of the device in Exhibit 7 "was conditioned" on the device being installed by a field inspector. He argues the Department did not introduce any evidence showing Monroe was "certified" as a field inspector on the date he installed the device and no expert testimony was offered at the hearing. McClintock asserts that Exhibit 5 was not admitted into evidence for any limited purpose and that Grieger-Nimmo's certification is "meaningless" until it is also shown that a field inspector performed the installation, as the certification states in Exhibit 7. He argues the proper foundation for the Intoxilyzer test result was not laid and the hearing officer misapplied the law and abused her discretion by admitting the breath test result.

[¶14] We agree with the Department's position. Here, Exhibit 7 plainly states that Grieger-Nimmo reviewed and certified that the device's installation in this case was "approved" to be used from the date the "field inspector" performed the installation on August 16, 2018. The "field inspector" signing the form is identified as Jeremy Monroe. Exhibit 7 therefore constitutes prima facie evidence that Monroe was an "approved" field inspector at the time of device's installation. This constitutes prima facie evidence that the approved

5

method was followed. *See Blaskowski*, 2019 ND 192, ¶ 6; *Ell*, 2016 ND 164, ¶ 20. McClintock may rebut the prima facie evidence. *See, e.g., Ebach v. N.D. Dep't of Transp.*, 2019 ND 80, ¶ 13, 924 N.W.2d 105 (stating that "[u]nless the defendant introduces enough evidence to rebut th[e] foundation of fair administration, evidence discrediting the test results will affect the weight given the blood-test result and not its admissibility"(citation omitted)). Exhibit 5 does not establish that Monroe was not the field inspector who installed the device on August 16, 2018. Exhibit 5 shows Officer Monroe was a certified field inspector at the time of McClintock's arrest and chemical breath test, but it does not establish that Monroe was not a field inspector at the time of the device's installation. Exhibit 7, however, provides that Grieger-Nimmo reviewed and certified the device's installation in this case was "approved" to be used from the date the field inspector performed the installation. In short, Exhibit 5 does not rebut the prima facie showing of Exhibit 7.

[¶15] We conclude the district court erred in concluding that the Department hearing officer erred in admitting the chemical breath test results. We reverse the court's judgment and reinstate the Department's decision suspending McClintock's driving privileges for a period of 91 days.

IV

[¶16] The judgment is reversed, and the Department's decision is reinstated.

[¶17] Jon J. Jensen, C.J.
     Gerald W. VandeWalle
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte