**FILED**
**IN THE OFFICE OF THE**
**CLERK OF SUPREME COURT**
**JULY 7, 2022**
**STATE OF NORTH DAKOTA**

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 135

McKayla Hanson,                                                    Appellee

      v.

Director, North Dakota
Department of Transportation,                          Appellant

## No. 20220071

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

REVERSED.

Opinion of the Court by Tufte, Justice.

Lloyd C. Suhr, Bismarck, N.D., for appellee.

Michael T. Pitcher, Assistant Attorney General, Bismarck, N.D., for appellant.

# Hanson v. NDDOT
## No. 20220071

**Tufte, Justice.**

[¶1] The Department of Transportation appeals from a district court judgment reversing a Department hearing officer's decision to suspend McKayla Hanson's driving privileges. The Department argues documentation established the Intoxilyzer 8000 was installed by a field inspector before its use, and the hearing officer did not abuse her discretion in admitting the chemical breath test results. We reverse the judgment and reinstate the hearing officer's decision.

I

[¶2] Hanson was arrested for driving under the influence of intoxicating liquor. Deputy Kyle Haman administered a chemical breath test using the Intoxilyzer 8000. The test results showed Hanson had an alcohol concentration of 0.104 percent by weight, and she was issued a report and notice, informing her that the Department intended to suspend her driving privileges. Hanson requested an administrative hearing.

[¶3] At the hearing, the chemical breath test results were admitted into evidence over an objection from Hanson. Hanson asserted that the test results could not be admitted because there was no evidence the Intoxilyzer device was installed by a field inspector. The hearing officer found that Deputy Haman was the field inspector who installed the Intoxilyzer 8000 used in this matter and that he fairly administered the test in accordance with the approved method. The hearing officer suspended Hanson's driving privileges for 91 days. Hanson appealed the hearing officer's decision to the district court. The court reversed the decision, concluding that the evidence did not show "when and if the Intoxilyzer was properly installed" and that the hearing officer abused her discretion in admitting the chemical breath test results.

## II

[¶4]   We review the Department's original decision, giving deference to its findings of fact and reviewing its legal conclusions *de novo*. *McClintock v. Dep't of Transp.*, 2021 ND 26, ¶ 6, 955 N.W.2d 62. We affirm the Department's decision unless:

1.  The order is not in accordance with the law.
2.  The order is in violation of the constitutional rights of the appellant.
3.  The provisions of [chapter 28-32] have not been complied with in the proceedings before the agency.
4.  The rules or procedure of the agency have not afforded the appellant a fair hearing.
5.  The findings of fact made by the agency are not supported by a preponderance of the evidence.
6.  The conclusions of law and order of the agency are not supported by its findings of fact.
7.  The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
8.  The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28-32-46; *see also* N.D.C.C. § 28-32-49. "A hearing officer is afforded broad discretion to control the admission of evidence at the hearing, and the decision to admit or exclude evidence will only be reversed on appeal if the hearing officer abused his discretion." *McClintock*, at ¶ 7. "Hearing officers abuse their discretion if they act in an arbitrary, unreasonable, or unconscionable manner, or if they misinterpret or misapply the law." *Ell v. Dir., Dep't of Transp.*, 2016 ND 164, ¶ 6, 883 N.W.2d 464.

## III

[¶5]   The Department argues the hearing officer did not abuse her discretion in admitting the chemical breath test results into evidence.

[¶6]   Under N.D.C.C. § 39-20-07(5), the chemical test results "must be received in evidence when it is shown that the sample was properly obtained and the test was fairly administered, and if the test is shown to have been performed according to methods and with devices approved by the director of the state crime laboratory or the director's designee . . . ." "To facilitate compliance with N.D.C.C. § 39-20-07 and the foundational element requiring a test be fairly administered, the state toxicologist has established approved methods for administering chemical breath tests." *McClintock*, 2021 ND 26, ¶ 10. The approved method for administering breath tests with the Intoxilyzer 8000 was admitted as an exhibit at the hearing, and requires the device to be "installed by a Field Inspector prior to use." *See also McClintock*, at ¶ 10. "If the documentary evidence and testimony does not show scrupulous compliance with the methods approved by the director of the state crime laboratory or the director's designee, the evidentiary shortcut provided by N.D.C.C. § 39-20-07 cannot be used and fair administration of the test must be established through expert testimony." *McClintock*, at ¶ 10.

[¶7]   The parties disagree whether the Department's Exhibit 7 shows the required installation was performed on the Intoxilyzer prior to its use. Exhibit 7 is titled "Intoxilyzer 8000 Installation and Repair Checkout" and provides the serial number of the device used in this case. The form includes a box labeled "Reason for Install/Repair" containing three options: "Install After Receiving From Crime Laboratory," "Install After Location Change," and "Other (Specify)." The "Other (Specify)" box was checked along with a handwritten notation stating "Monthly Tests." The form then lists a series of items to be checked off when completed, including the performance of certain tests on the device. All of these items were checked. The form was signed by the field inspector, Deputy Haman, and dated March 1, 2021. Charles Eder, the state toxicologist, certified,

> This installation has been reviewed and the instrument is approved to be used for the analysis of breath to determine alcohol concentration from the date the Field Inspector performed the installation. This record on file at the Office of Attorney General, Crime Laboratory Division, in the County of Burleigh, North

Dakota, is certified to be a true and correct copy of the documents received.

[¶8] The Department contends Exhibit 7 provides documentary evidence establishing the Intoxilyzer used in this case was installed by a field inspector prior to its use. In *McClintock*, the Department similarly argued that "the documentary evidence shows that the Intoxilyzer device used to conduct McClintock's chemical breath test was installed by a field inspector before its use, which was specifically established by *Exhibit 7*, containing the *Intoxilyzer 8000 Installation and Repair Checkout* form and its three associated run tests for the device with the specified serial number." 2021 ND 26, ¶ 11 (emphasis added). We agreed with the Department's position in *McClintock*, concluding, in part, that "Exhibit 7 plainly states that [the director's designee] reviewed and certified that the device's installation in this case was 'approved' to be used from the date the 'field inspector' performed the installation." *Id.* at ¶ 14. However, the specific question in *McClintock* was whether the individual was an authorized field inspector at the time of installation, not whether an installation was performed. *Id.* Further, the record in *McClintock* shows that the "Reason for Install/Repair" was to "Install After Receiving From Crime Laboratory."

[¶9] Hanson argues Exhibit 7 in this case merely shows that "Monthly Tests," or inspections, were performed on the device, not that an installation was performed. Hanson compares Exhibit 7 to the documentation in *Ell*, 2016 ND 164, ¶ 20, which we concluded failed to establish that the Intoxilyzer device was installed by a field inspector. However, the exhibit in *Ell* was a list of approved chemical testing devices, which only showed when and where the device was inspected, without reference to an installation. *Id.*

[¶10] Here, the hearing officer found the Intoxilyzer was installed prior to use. Exhibit 7 provides evidentiary support for that finding. Specifically, the state toxicologist certified that the "installation has been reviewed and the instrument is approved to be used for the analysis of breath to determine alcohol concentration from the date the Field Inspector performed the installation." We conclude that Exhibit 7 allows a reasoning mind to determine

4

that the Intoxilyzer used in this case was installed by a field inspector prior to use. *Ell*, 2016 ND 164, ¶ 6 ("We give deference to the agency's decision and determine 'only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record.'"). Thus, Exhibit 7 constitutes prima facie evidence that the approved method was followed, and the hearing officer did not abuse her discretion by admitting the chemical breath test results.

IV

[¶11] The judgment is reversed, and the Department's decision is reinstated.

[¶12] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte