# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2023 ND 90

Alexander Brent Nelson,                                  Petitioner and Appellant

v.

North Dakota Department of Transportation,        Respondent and Appellee

### No. 20220355

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Dann E. Greenwood, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Bahr, Justice.

Chad R. McCabe, Bismarck, ND, for petitioner and appellant.

Michael T. Pitcher, Assistant Attorney General, Bismarck, ND, for respondent and appellee.

**Bahr, Justice.**

[¶1]   Alexander Nelson appeals from a district court judgment affirming the Department of Transportation hearing officer's decision revoking his driving privileges for two years. We conclude there was not a valid request to submit to a screening test in accordance with N.D.C.C. § 39-20-14(3) to support a determination of refusal to submit to testing under N.D.C.C. § 39-20-14. We reverse the district court judgment and the Department's decision and remand to reinstate Nelson's driving privileges.

I

[¶2]   In June 2022, a Highway Patrol officer arrested Nelson for the offense of driving or being in actual physical control of a vehicle while under the influence of intoxicating liquor. The officer issued Nelson a report and notice, including a temporary operator's permit, after he refused to submit to a chemical breath test requested by the officer. The report and notice informed Nelson of the Department's intent to revoke his driving privileges. Nelson requested an administrative hearing.

[¶3]   In July 2022, a hearing was held before a Department hearing officer. The Highway Patrol officer testified. The record includes the officer's dash cam video. At the hearing, the Department offered Exhibit 1, which consisted of six pages: a certification page, a Report and Notice form, and a Request for the Administrative Hearing. Nelson objected to Exhibit 1, arguing the implied consent advisory was not properly read in full for either test requested. The hearing officer overruled his objection and admitted Exhibit 1 into evidence, concluding the refusal of the screening test was admissible under N.D.C.C. § 39-20-14.

[¶4]   The hearing officer issued a decision revoking Nelson's driving privileges for two years. Relevant to this case, the hearing officer specifically found, in part:

Trooper Skogen began to talk about an on-site screening test. Mr. Nelson stated that he knew he would not pass that test. Trooper Skogen gave the following advisory for both the on[-]site screening test and the chemical test. "Refusal to submit to an on-site screening or chemical test requested by a law enforcement officer could result in the revocation of your driving privileges for up to three years." Mr. Nelson verbally refused to submit to the on[-]site screening test.

The hearing officer concluded, in part:

Mr. Nelson refused to submit to the on-site screening test. Mr. Nelson was placed under arrest for a violation of N.D.C.C. section 39-08-01. Mr. Nelson did not take additional tests requested by law enforcement. N.D.C.C. sections 39-20-14 and 30-20-08 [sic] state[] the refusal is admissible.

Nelson appealed the Department's decision to the district court. The court issued a memorandum decision affirming the Department's decision.

II

[¶5] "The Administrative Agencies Practice Act, N.D.C.C. ch. 28-32, governs this Court's review of the Department's decision to suspend or revoke driving privileges." *McClintock v. Dep't of Transp.*, 2021 ND 26, ¶ 6, 955 N.W.2d 62. "This Court reviews the Department's original decision, giving great deference to its findings of fact and reviewing its legal conclusions de novo." *Id.* This Court must affirm the Department's decision unless:

1. The order is not in accordance with the law.
2. The order is in violation of the constitutional rights of the appellant.
3. The provisions of [chapter 28-32] have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.

2

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28-32-46; *see also* N.D.C.C. § 28-32-49.

[¶6] "A hearing officer is afforded broad discretion to control the admission of evidence at the hearing, and the decision to admit or exclude evidence will only be reversed on appeal if the hearing officer abused his discretion." *McClintock*, 2021 ND 26, ¶ 7 (quoting *May v. Sprynczynatyk*, 2005 ND 76, ¶ 24, 695 N.W.2d 196).

## III

[¶7] Nelson argues there was not a valid request to submit to a screening test under N.D.C.C. § 39-20-14(3). Absent a valid request, Nelson argues there cannot be a refusal to submit to testing under N.D.C.C. § 39-20-14. Section 39-20-14(3), N.D.C.C., provides, in relevant part:

The officer shall inform the individual that North Dakota law requires the individual to take the screening test to determine whether the individual is under the influence of alcohol and that refusal of the individual to submit to a screening test may result in a revocation for at least one hundred eighty days and up to three years of that individual's driving privileges.

[¶8] In this case, the officer gave Nelson the following implied consent advisory before asking him to take the on-site screening test:

Refusal to submit to an on-site screening or chemical test requested by a law enforcement officer could result in the revocation of your driving privileges for up to three years.

[¶9] It is undisputed the officer did not specifically state to Nelson "that North Dakota law requires the individual to take the screening test to determine whether the individual is under the influence of alcohol." It is also undisputed

3

the officer only advised Nelson his refusal to submit to a screening test may result in his driving privileges being revoked for up to three years, failing to advise him a refusal may result in revocation of his driving privileges for at least 180 days. Although the Department's hearing officer held Nelson was not informed of the "complete advisory" under N.D.C.C. § 39-20-01(3)(a), the hearing officer concluded the refusal was admissible under N.D.C.C. §§ 39-20-14 and 39-20-08. In affirming the Department's decision on appeal, the district court held the implied consent advisory given was substantively complete. Relying on *Brewer v. Ziegler*, 2007 ND 207, 743 N.W.2d 391, the court also held Nelson failed to show prejudice.

[¶10] Nelson argues the implied consent advisory given to him was not "substantively complete" and failed to comply with N.D.C.C. § 39-20-14(3) because he was not specifically advised taking a screening test was required under North Dakota law and his driving privileges may be revoked for at least 180 days.

[¶11] While this case involves refusal of an on-site screening test under N.D.C.C. § 39-20-14, Nelson argues case law addressing implied consent under N.D.C.C. § 39-20-01 for chemical tests should guide the analysis. *See Throlson v. Backes*, 466 N.W.2d 124, 126 (N.D. 1991) (observing "[i]t is axiomatic that before there can be a 'refusal' to submit to testing under Section 39-20-01, there must be a valid request for testing under the statute"). Nelson primarily relies on *Alvarado v. N.D. Dep't of Transp.*, 2019 ND 231, 932 N.W.2d 911.

[¶12] In *Alvarado*, 2019 ND 231, ¶ 9, this Court held "[a] request for testing subsequent to a partial implied consent warning is not a request to test under N.D.C.C. § 39-20-01." This Court explained:

> We have concluded the legislature unambiguously required a request for a refusal be preceded by a request for testing made in compliance with N.D.C.C. § 39-20-01. While this Court has allowed law enforcement to deviate from a verbatim reading of the statutory language of N.D.C.C. § 39-20-01(3)(a), we do require that the advisory communicate all substantive information of the statute. *See State v. Vigen*, 2019 ND 134, ¶ 15, 927 N.W.2d 430; *see also Korb v. N.D. Dep't of Transp.*, 2018 ND 226, ¶ 10, 918 N.W.2d

4

49 (finding that N.D.C.C. § 39-20-01(3)(a) provides the mandatory language that must be included in the advisory). Because Alvarado was only provided with *a partial implied consent warning* (he was not informed that refusing to take a chemical test could be treated as a "crime"), the request for testing was neither in compliance with N.D.C.C. § 39-20-01 nor sufficient to result in a refusal to submit to testing. We therefore conclude the administrative determination that Alvarado refused to take a chemical test is either not in compliance with the law or not supported by the administrative findings.

*Alvarado*, at ¶ 8 (emphasis added).

[¶13] Nelson asserts this Court provided a judicial remedy in *Alvarado* for failure to read the implied consent advisory under N.D.C.C. § 39-20-01, even when the statute at the time did not provide a remedy. Similarly, he argues an officer's request to submit to testing must be made in accordance to N.D.C.C. § 39-20-14(3) to support a determination there has been a refusal to submit to testing under N.D.C.C. § 39-20-14.

[¶14] The Department responds it had authority to revoke Nelson's driving privileges for his refusal to submit to the on-site screening test requested under N.D.C.C. § 39-20-14. The Department emphasizes the differing implied consent requirements under N.D.C.C. § 39-20-01 for chemical tests and N.D.C.C. § 39-20-14 for screening tests. The Department argues the officer's reading of the implied consent advisory for a screening test "substantively complied" with N.D.C.C. § 39-20-14(3) and argues the legislature has not provided a remedy for an officer's failure to communicate all the substantive information in N.D.C.C. § 39-20-14(3), unlike chemical testing under N.D.C.C. § 39-20-01(3). The Department asserts Nelson was not prejudiced by the officer's failure to inform him of the minimum revocation period.

[¶15] Here, as in *Alvarado*, Nelson was only provided with a partial implied consent warning. The law enforcement officer did not inform Nelson "that North Dakota law requires him to take the screening test to determine whether he is under the influence of alcohol." While the officer advised Nelson his driving privileges may result in revocation for up to three years, the officer

5

failed to advise him his driving privileges may result in revocation for at least 180 days. By specifically mandating that information be included in the advisory under N.D.C.C. § 39-20-14(3), the legislature determined the information is substantive. Although a verbatim reading of the statutory language is not required, actual communication of the information mandated in N.D.C.C. § 39-20-14(3) is. The officer did not communicate to Nelson all of the substantive information required in N.D.C.C. § 39-20-14(3). Accordingly, the officer's request for on-site screening was neither in compliance with N.D.C.C. § 39-20-14 nor sufficient to result in a refusal to submit to testing.

[¶16] The Department's argument Nelson was not prejudiced is misplaced. In *Brewer*, the driver "consented to take a screening test without the advisory being given to her." 2007 ND 207, ¶ 23. Here, similar to the driver in *Alvarado*, Nelson refused the test resulting in his driving privileges being revoked. *Alvarado*, 2019 ND 231, ¶ 1 (driving privileges revoked for 180 days due to refusal to submit to a chemical test). *Alvarado*, not *Brewer*, guides the outcome of this case.

[¶17] We conclude the Department's administrative decision that Nelson refused the on-site screening test is not in compliance with the law and not supported by the administrative findings.

IV

[¶18] We reverse the district court judgment and the Department's decision and remand for reinstatement of Nelson's driving privileges.

[¶19] Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr